UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IVORY L. SIMON<br>DOC #505008 | * | CIVIL ACTION NO. 2:10-cv-201 |
| v. | * | JUDGE MINALDI |
| JAMES LEBLANC, ET AL | * | MAGISTRATE JUDGE KAY |

*****************************************************************

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 64) filed by defendants James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections, and Terry Terrell, former Warden of Allen Correctional Center ("ACC"), and an Opposition (Rec. Doc. 66) filed by Ivory L. Simon. For the following reasons, Defendants' motion will be **GRANTED**.

### FACTS & PROCEDURAL HISTORY

Plaintiff Ivory Simon is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and was housed at ACC during the time pertinent to these proceedings.[1] Upon Simon's arrival at ACC in June 26, 2007, he underwent an initial medical screening and interview by Nelda Wilson, a former health administrator at the facility, during which he notified medical staff of an alleged 2003 diagnosis of Stevens-Johnson syndrome, a severe inflammatory eruption of the skin and mucous membranes that results when the patient has a respiratory infection or an allergic reaction to drugs and other substances.[2] According to Simon, the medical staff improperly prescribed drugs that contained sulfa or sulfur, a known allergen to Simon that

---

[1] Statement of Uncontested Facts (Rec. Doc. 64-1) ¶ 1.
[2] *Id* ¶¶ 2-3; Compl. (Rec. Doc. 1), at 7.

inflames his Stevens-Johnson syndrome, and prevented him from obtaining the drugs he believed would alleviate his symptoms.[3] Simon also alleges that his wife, Marie Simon, sent a letter to Terrell on November 19, 2007, expressing her concerns about Simon's medical treatment.[4]

On February 5, 2010, Simon filed a complaint asserting 42 U.S.C. § 1983 claims against two ACC medical staff members, Terrell, and LeBlanc, alleging that they violated his Eighth Amendment rights.[5] On December 28, 2015, the court dismissed the ACC medical staff members due to a failure to effect service.[6] LeBlanc and Terrell filed the present motion on April 19, 2016, seeking summary judgment on all of Simon's claims.[7]

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)).

In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus.*

---

[3] Compl. (Rec. Doc. 1), at 7-9.
[4] *Id.* at 8.
[5] *See* Compl. (Rec. Doc. 1).
[6] Order of Dis. (Rec. Doc. 59).
[7] Mot. for Summ. J. (Rec. Doc. 64).

2

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). However, the court will not, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little*, 37 F.3d at 1075).

"There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). "A supervisory official may be held liable under § 1983 only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). "In order to establish supervisory liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (alterations in original) (citation omitted). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)) (alteration in original). Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts taken from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that

they subjectively intended that harm occur. *Thompson v. Upshur Cnty.*, 245 F.3d 447, 458-59 (5th Cir. 2001).

Simon does not allege that LeBlanc and Terrell affirmatively participated in administering the allegedly harmful drugs or denying him access to the other drugs, and thus he must prove that LeBlanc and Terrell either (1) implemented unconstitutional policies that causally resulted in a constitutional injury, or (2) acted, or failed to act, with deliberate indifference to violations of Simon's constitutional rights by ACC medical staff. First, Simon's assertion that ACC medical staff were "controlled and/or contained by the command/demand to reduce costs to increase profits, at any rate"[8] is insufficient to demonstrate the existence of an unconstitutional policy. There is no indication that any such cost-saving policy directed ACC medical staff to disregard a known substantial risk of serious harm. Moreover, in an affidavit Terrell states that the "policies in place at ACC are designed to afford inmates appropriate care, and the facility was appropriately staffed to insure proper care of inmates."[9] Second, none of Simon's allegations, including the alleged letter from his wife to Terrell, come close to establishing that either LeBlanc or Terrell acted, or failed to act, with deliberate indifference to the alleged violations of Simon's constitutional rights by ACC medical staff. Thus, the court finds that LeBlanc and Terrell are entitled to judgment as a matter of law on Simon's § 1983 claims, and their motion for summary judgment will be **GRANTED**.

Lake Charles, Louisiana, this ____ day of _____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[8] Compl. (Rec. Doc. 1), at 9.
[9] Aff. of Terry Terrell (Rec. Doc. 64-3) ¶ V.

4